UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES R. MORRIS,

Plaintiff,

-against-

STELLAR MANAGEMENT,

Defendant.

26-CV-4871 (GBD)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is currently incarcerated at Greene Correctional Facility, filed this *pro se* complaint under 42 U.S.C. § 1983, seeking money damages for property damage that occurred in his apartment prior to his incarceration. By separate order, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, this Court dismisses the complaint, with 30 days' leave to replead.

## I. BACKGROUND

Plaintiff filed this complaint against Stellar Management, located in Yonkers, New York. (ECF 1 at 3.) The following facts are drawn from the complaint.[1] On April 28, 2026, there was a fire in the apartment building in Yonkers, New York, where Plaintiff and his family had resided for 50 years. (*Id.* at 4.) According to Plaintiff, the "building was responsible for that fire starting." (*Id.*) The apartment, and all of Plaintiff's and his family's possessions, were destroyed by "extensive water damage," and Plaintiff and his family were "forced to leave" and pay "out of pocket" to stay in a hotel. (*Id.*) Plaintiff seeks $3 million in damages. (*Id.* at 5.)

[1] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires that federal courts screen civil complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

## III. COMPLAINT LACKS FEDERAL JURISDICTION

### A. Claims Under 42 U.S.C. § 1983

Plaintiff filed this complaint asserting federal claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that: (1) a right secured by the Constitution and laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). A plaintiff proceeding under § 1983 must therefore allege facts showing that defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. A private party therefore is generally not liable under the statute. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . ..").

As Defendant Stellar Management is a private entity that is not alleged to work for a state or other government body, Plaintiff cannot state a claim against this defendant under § 1983. This

Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**B. State-Law Claims**

**1. Supplemental Jurisdiction**

The complaint may be construed as asserting claims arising under state law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which this Court has original jurisdiction, this Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**2. Diversity Jurisdiction**

The second way in which a federal court can consider state-law claims is under its diversity of citizenship jurisdiction. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he [or she] is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). Generally, there is a rebuttable presumption that

a prisoner retains his preincarceration state citizenship rather than acquiring a new state citizenship. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is equal or greater than the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Courts generally "recognize[ ] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Where a complaint does not contain facts suggesting that the amount in controversy exceeds $75,000.00, however, this Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

Plaintiff alleges that Defendant is a citizen of New York State, and that he and his family resided in the Yonkers apartment for 50 years, which suggests that he was also a citizen of New York prior to his incarceration. Because it appears that Plaintiff and Defendant are both citizens of New York, the complaint does not establish that there is complete diversity of citizenship between the parties. Additionally, Plaintiff alleges no facts to support his assertion that the amount

in controversy exceeds $75,000. Accordingly, this Court dismisses the complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## IV. LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status, this Court grants Plaintiff 30 days' leave to amend his complaint to allege facts showing that this Court has diversity jurisdiction of this matter.

If Plaintiff does not file an amended complaint within the time allowed, this Court will direct the Clerk of Court to enter judgment dismissing this action.

## V. CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 17, 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge